IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID BERLANGA, ET AL.,

      Plaintiffs,

      v.

EQUILON ENTERPRISES LLC, et al.,

      Defendants.

Case No. 17-cv-00282-MMC

**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; AFFORDING PLAINTIFFS LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is the "Class Action Complaint for Damages, Restitution, and Injunctive Relief," filed January 19, 2017,[1] by plaintiffs David Berlanga, Brandon Ehresman, Charles Gaeth, Michael Gonzalez, John Langlitz and Christopher Palacio on their own behalf and on behalf of a putative class.  Having read and considered the complaint, the Court, for the reasons stated below, will dismiss the action for lack of subject matter jurisdiction and will afford plaintiffs the opportunity to amend to allege, if they can do so, sufficient facts to support jurisdiction.

The complaint consists of four causes of action, each arising under state law and each based on plaintiffs' allegations that defendants, who are alleged to be plaintiffs' employers, have not provided plaintiffs with "off-duty breaks."  (See Compl. ¶¶ 33-38, 43-44, 47, 52, 61.)  In their jurisdictional statement, plaintiffs allege that "[t]his Court has jurisdiction under 28 U.S.C. § 1332 because [p]laintiffs are California residents,

---

[1]The above-titled action was reassigned to the undersigned on April 10, 2017.

1  [d]efendants are incorporated in Delaware and headquartered in Houston, Texas, and the

2  amount in controversy exceeds $75,000." (<u>See</u> Compl. ¶ 14.)

3      A district court has diversity jurisdiction where "the matter in controversy exceeds

4  the sum or value of $75,000, exclusive of interest and costs" and the matter is "between

5  . . . citizens of different States." <u>See</u> 28 U.S.C. § 1332(a). The allegations in the instant

6  complaint, however, are insufficient as a matter of law to support a finding that the matter

7  is between citizens of different states.

8      First, the complaint includes no factual allegations to support a finding that any of

9  the six plaintiffs, each of whom is an individual, is a citizen of any state. As the Ninth

10  Circuit has explained:

11      To be a citizen of a state, a natural person must first be a citizen of the
        United States. The natural person's state citizenship is then determined by
12      [that person's] state of domicile, not [his/her] state of residence. A person's
        domicile is [his/her] permanent home, where [he/she] resides with the
13      intention to remain or to which [he/she] intends to return. A person residing
        in a given state is not necessarily domiciled there, and thus is not
14      necessarily a citizen of that state.

15  <u>See</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001). Although the

16  complaint alleges each plaintiff is a "resident" of California (<u>see</u> Compl. ¶¶ 1-6),[2] such

17  allegation fails to support the "assertion of diversity citizenship." <u>See</u> <u>Kanter v. Warner-</u>

18  <u>Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001) (holding notice of removal failed to

19  adequately allege parties were diverse, where notice alleged plaintiffs were "residents" of

20  California, and, consequently, failed to "[make] any allegation regarding [p]laintiffs' state

21  citizenship").

22      Second, the complaint includes no factual allegations from which the Court could

23  determine the state(s) of which any of the three defendants, each of which is an artificial

24  entity, is a citizen. The complaint alleges that defendant Equilon Enterprises is an "LLC,"

25  i.e., a limited liability company (<u>see</u> Compl. ¶ 9), and that defendants CRI U.S. and Shell

26  _____

27      [2]The complaint includes, <u>inter</u> <u>alia</u>, an "Introduction" and a section titled "The
    Parties," both of which contain paragraphs numbered 1-4. (<u>See</u> Compl. at 1:2-24, 2:26 -
28  3:5.) The above citation is to the latter.

2

Pipeline Company are each "LPs," i.e., limited partnerships (see Compl. ¶¶ 10-11).  An LLC is a citizen of every state of which its "owners/members" are citizens, see Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006), and an LP is a citizen of every state of which "all of the members," i.e., its "general partners" and "limited partners," are citizens, see Carden v. Arkoma Associates, 494 U.S. 185, 192, 195 (1990) (internal quotation and citation omitted).  Consequently, a district court cannot determine the citizenship of an LLC or an LP in the absence of a showing as to the identity and citizenship of each of its members.  Further, "because a member of [an artificial entity] may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."  See V & M Star, LP v. Centimark Corp., 596 F.3d 354, 356 (6th Cir. 2010) (internal quotation and citation omitted).  Here, the complaint does not identify the members of the three defendants, let alone each member's state(s) of citizenship, and, as to any member that is not an individual or corporation, each sub-member's state(s) of citizenship.

In sum, the complaint includes no facts to support a finding as to the citizenship of any plaintiff or any defendant, let alone facts to support a finding of "complete diversity of citizenship."  See Carden, 494 U.S. at 187 (internal quotation and citation omitted).

Accordingly, the complaint is subject to dismissal for lack of subject matter jurisdiction, see Fed. R. Civ. P 12(h)(3) (providing "[i]f the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action"), and plaintiffs may file an amended complaint if they can allege facts that would support a finding that the parties are diverse, see 28 U.S.C. § 1653 (providing "[d]efective allegations of jurisdiction may be amended").

**CONCLUSION**

For the reasons stated above, the complaint is hereby DISMISSED for lack of subject matter jurisdiction.  If plaintiffs wish to file an amended complaint for purposes of curing the above-referenced jurisdictional deficiencies, plaintiffs shall file such pleading no later than May 19, 2017.

1    In light of the above, the Case Management Conference is hereby CONTINUED

2  from May 5, 2017, to June 30, 2017, at 10:30 a.m.  A Joint Case Management Statement

3  shall be filed no later than June 23, 2017.

4    **IT IS SO ORDERED.**

5

6  Dated: April 26, 2017

7  MAXINE M. CHESNEY
   United States District Judge