1  JAY SMITH (CA Bar No. 166105)
   (Email: js@gslaw.org)
2  JOSHUA F. YOUNG (CA Bar No. 232995)
   (Email: jyoung@gslaw.org)
3  GILBERT & SACKMAN
   A LAW CORPORATION
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
5  Telephone: (323) 938-3000
   Fax: (323) 937-9139
6
   RANDY RENICK (CA Bar No. 179652)
7  (Email: rrr@hadsellstormer.com)
   CORNELIA DAI (CA Bar No. 207435)
8  (Email: cdai@hadsellstormer.com)
   HADSELL STORMER & RENICK, LLP
9  128 North Fair Oaks Avenue, Suite 204
   Pasadena, California 91103-3645
10 Telephone: (626) 585-9600
   Fax: (626) 577-7079
11
   Attorneys for Plaintiffs
12
   [Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERLANGA, BRANDON EHRESMAN, CHARLES GAETH, MICHAEL GONZALEZ, JOHN LANGLITZ, and CHRISTOPHER PALACIO, individually and on behalf of all similarly situated current and former employees,<br><br>            Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, CRI U.S. LP, CRI CATALYST COMPANY LP, and SHELL PIPELINE COMPANY LP, and DOES 1 through 10, inclusive,<br>            . | Case No. 17-cv-00282-MMC<br><br>**CLASS ACTION**<br><br>~~AMENDED [PROPOSED]~~ ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT<br><br>DATE:    September 14, 2018<br>TIME:    9:00 a.m.<br>PLACE:  San Francisco Courthouse, Courtroom 7, 19th Floor<br><br>Honorable Maxine M. Chesney |

GARY T. LAFAYETTE (CA Bar No. 88666)
(Email: glafayette@lkclaw.com)
BARBARA L. LYONS (CA Bar No. 173548)
(Email: blyons@lkclaw.com)
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Ste. 810
Oakland, CA 94612
Telephone: (415) 357-4600
Fax: (415) 357-4605

Attorneys for Defendants

On January 19, 2017, Plaintiffs David Berlanga, Brandon Ehresman, Charles Gaeth, Michael Gonzalez, John Langlitz, and Christopher Palacio ("Plaintiffs") filed their complaint in the Northern District of California, captioned as *David Berlanga, et al., v. Equilon Enterprises* LLC., Case No. 17-cv-00282-MMC ("the Lawsuit"). Plaintiffs filed a First Amended Complaint on May 19, 2017. The Lawsuit alleges the following causes of action: 1) Failure to authorize and permit duty free rest periods; (2) Failure to furnish accurate wage statements; (3) penalties under the Private Attorneys General Act; and (4) violation of the Unfair Competition Law, Business & Professions Code §17200. Plaintiffs seek unpaid wages, statutory and civil penalties, restitution, attorneys' fees and costs, interest, injunctive relief, and declaratory relief, and such other relief as the Court deems just and proper, for the time period from January 19, 2013 to the present.

Following an extensive investigation and arm's-length and good-faith negotiations, including a full day mediation with Barry Winograd on April 19, 2018, Plaintiffs and Defendants Equilon Enterprises LLC dba Shell Oil Products US, CRI U.S. LP, CRI Catalyst Company LP, and Shell Pipeline Company LP ("Defendants") (collectively, the "Parties") reached a tentative settlement agreement, which was subsequently reduced to writing (the Joint Stipulation of Settlement, hereinafter "Stipulation" or "Settlement") and has been filed with this Court.

The Parties move for this Court to:

1. Preliminarily approve the class action Settlement for $7,750,000;

2. Preliminarily and conditionally certify the class for purposes of settlement;

3. Preliminarily appoint Plaintiffs David Berlanga, Brandon Ehresman, Charles Gaeth, Michael Gonzalez, John Langlitz, and Christopher Palacio as class representatives for purposes of settlement;

4. Preliminarily appoint Hadsell Stormer & Renick, LLP and Gilbert & Sackman, A Law Corporation, as class counsel for purposes of settlement;

5. Preliminarily approve the application for payment to class counsel of reasonable attorneys' fees of up to $1,937,500 (25% of the common fund) and reasonable costs up to $25,000;

6. Preliminarily approve the payment of an "incentive award" in the amount of $7,500 to each of the six class representatives;

7. Approve as to form and content the Proposed Notice of Class Action Settlement;

8. Direct that the Notice of Class Action Settlement be mailed to the Settlement Class members; and

9. Schedule a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class.

That motion came on regularly for hearing before this Court on September 14, 2018, at 9:00 a.m., in Courtroom 7, 19th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102.

The Court, having received and fully considered the Parties' notice, motion and memorandum of points and authorities, the Settlement, the proposed Settlement Documents, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class-action settlement, and to conduct a fairness hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with this Court.

2. The Court finds that certification of the following class for purposes of settlement is appropriate: Current and former employees of any Defendant or any affiliate of a Defendant who worked as Operators at one or more of the following facilities:

(a) Shell Pipeline Company LP's terminal facility in Carson, California (the "Carson Terminal facility"),

(b) Equilon Enterprises LLC dba Shell Oil Products US's oil refinery in Martinez, California (the "Martinez Refinery"), and/or

(c) CRI Catalyst Company LP's catalyst production facilities in Martinez and Pittsburg, California ("Criterion Catalyst plants")

during the period beginning January 19, 2013 and ending the date of Preliminary Approval.

3. The Court appoints Plaintiffs David Berlanga, Brandon Ehresman, Charles Gaeth, Michael Gonzalez, John Langlitz, and Christopher Palacio as class representatives for purposes of

settlement.

4. The Court appoints Hadsell Stormer & Renick, LLP and Gilbert & Sackman, A Law Corporation, as class counsel for purposes of settlement.

5. Federal Rule of Civil Procedure 23(e) requires court approval of a class action settlement. Approval is a two-step process under Rule 23(e). "[T]he Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015)(internal citations omitted); *see also* Manual for Complex Litigation (Fourth) § 21.632 (courts "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.").

Preliminary approval of a settlement is appropriate when the settlement: (1) falls within the range of possible approval; (2) appears to be the product of serious, informed, non-collusive negotiations; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) has no obvious deficiencies. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "Closer scrutiny is reserved for the final approval hearing." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *24 (N.D. Cal. Apr. 29, 2011).

6. The Court has reviewed the Settlement and the proposed Settlement Documents, which were separately lodged and are incorporated herein by reference. The Court finds on a preliminary basis that the Agreement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the settlement amount is fair and reasonable to all potential class members when balanced against the probable outcome of further litigation relating to liability and damages issues. Plaintiffs have asserted violations of California labor and unfair competition laws. Defendants agree to a class settlement in the interest of compromising and resolving the Lawsuit. The Parties have acknowledged they recognize the risk involved in prosecuting and defending the Lawsuit including significant delay, defenses asserted by Defendants, and further potential appellate issues.

7. It further appears that the proposed Settlement has been reached as the result of intensive, serious and non-collusive arm's-length negotiations. It further appears that extensive investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. Class Counsel have significant experience in wage and hour class actions. The proposed Settlement was reached through extensive negotiations and with the involvement of an experienced mediator, Barry Winograd, Esq.

8. It further appears that the proposed Settlement does not improperly grant preferential treatment to class representatives and has no obvious deficiencies.

9. In connection with its preliminary approval of the Settlement, the Court preliminarily approves the application for payment to Class Counsel of reasonable attorneys' fees of up to $1,937,500 (25% of the common fund) and reasonable costs up to $25,000.

10. ~~In connection with its preliminary approval of the Settlement, the Court preliminarily approves the payment of an "incentive award" in the amount of $7,500 to each of the six class representatives~~.

11. In connection with its preliminary approval of the Settlement, the Court appoints CAC Services Group, LLC, to act as the Claims Administrator who will administer the Settlement according to the terms of the Stipulation, as approved by this Court.

## APPROVAL OF DISTRIBUTION OF THE NOTICE OF SETTLEMENT

12. Rule 23(e) provides that a court "must direct notice in a reasonable manner to all class members who would be bound by" a proposed class action settlement. Fed. R. Civ. P. 23(e)(1). This Court finds the proposed Notice of Settlement, which is attached ~~to the Settlement Agreement~~ hereto as Exhibit 1, fairly and adequately advises the potential class members of the terms of the proposed Settlement and the claims process for the class members to obtain the benefits available thereunder, as well as the right of class members to opt out of the class, to challenge the number of shifts reported by Defendants from their records, to file documentation in objection to the proposed Settlement, and to appear at the Final Approval Hearing to be conducted at the date set forth below. The Court further finds that the Notice of Settlement and proposed distribution of such notice by first-class mail to each identified class member at his or her last known address comports with all constitutional requirements,

including those of due process.

13. Accordingly, good cause appearing, the Court hereby approves the proposed Notice of Settlement and orders the Claims Administrator to distribute the Settlement Documents, in the manner and pursuant to the procedures described in the Settlement.

14. If more than five percent (5%) of the Settlement Class submits timely and valid requests for exclusion pursuant to the terms and procedures of the Settlement Notice, this entire Settlement Agreement shall become voidable and unenforceable as to Plaintiffs and Defendants, at Defendants' sole discretion. Defendants may exercise such option by giving notice, in writing, to Class Counsel and to the Court at any time prior to final approval of this Settlement Agreement by the Court.

## FINAL APPROVAL HEARING AND SCHEDULE

15. The Court hereby grants the Parties' motion to set a settlement hearing for final approval of the Settlement and orders the following schedule of dates for further proceedings:

   a. Mailing of Settlement Documents to the class shall be completed by October 22, 2018;
   b. Filing of Plaintiffs' motion for attorney's fees and costs and posting on the Claims Administrator's website shall be completed by November 21, 2018;
   c. The deadline for class members to file and serve objections shall be 45 calendar days from the mailing of the Settlement Documents; and
   d. The deadline for class members to file and serve requests for exclusion shall be 45 calendar days from the mailing of the Settlement Documents.

16. The Fairness Hearing will be held on January 18, 2019 at 9:00 a.m. in the Courtroom of United States District Court Judge Maxine M. Chesney. Members of the Class who object to the proposed Settlement may appear and present such objections at the Fairness Hearing in person or by counsel. All written objections and supporting papers must be filed and postmarked no later than the deadline set forth above.

17. Plaintiffs shall file a memorandum of points and authorities in support of final approval of the Settlement two weeks prior to the hearing.

18. IT IS FURTHER ORDERED that, if for any reason the Court does not grant final approval of the Settlement, or the Settlement otherwise does not become effective in accordance with

the terms of the Stipulation, this Order shall be rendered null and void and shall be vacated, the Parties shall revert to their respective positions as of before entering into the Stipulation, and all evidence and proceedings held in connection with the Settlement shall be without prejudice to the status quo ante rights of the Parties to the Lawsuit as more specifically set forth in the Settlement.

**IT IS SO ORDERED.**

DATED: September 21, 2018

HON. MAXINE M. CHESNEY
United States District Judge