JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
GILBERT & SACKMAN
A LAW CORPORATION
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
HADSELL STORMER & RENICK, LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERLANGA, BRANDON EHRESMAN, CHARLES GAETH, MICHAEL GONZALEZ, JOHN LANGLITZ, and CHRISTOPHER PALACIO, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, CRI U.S. LP, CRI CATALYST COMPANY LP, and SHELL PIPELINE COMPANY LP, and DOES 1 through 10, inclusive,<br>. | Case No. 17-cv-00282-MMC<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND PLAN OF ALLOCATION**<br><br>DATE: January 18, 2019<br>TIME: 9:00 a.m.<br>PLACE: San Francisco Courthouse,<br>Courtroom 7, 19th Floor<br><br>Honorable Maxine M. Chesney |

# ORDER

Plaintiffs' Motion for Final Approval of Class Action came on for hearing on January 18, 2019. The Court, having considered whether to order final approval of the settlement of the above-captioned action pursuant to the Joint Stipulation of Class Action Settlement and Release ("Settlement"), having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on September 21, 2018, having directed that notice be given to all Class Members of preliminary approval of the Settlement and the final approval hearing and the right to be excluded from the Settlement, and having received no objections to the terms of the Settlement, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement executed by the Parties and filed with this Court.

2. The Court finds that certification of the following Class is appropriate:

> Current and former employees of any Defendant or any affiliate of a Defendant who worked as Operators at one or more of the following facilities: (a) Shell Pipeline Company LP's terminal facility in Carson, California (the "Carson Terminal facility"); (b) Equilon Enterprises LLC dba Shell Oil Products US's oil refinery in Martinez, California (the "Martinez Refinery"); (c) CRI Catalyst Company LP's catalyst production facilities in Martinez and Pittsburg, California ("Criterion Catalyst plants"), during the period beginning January 19, 2013 and ending September 21, 2018.

3. The Court hereby finds that the Notice of Settlement, as mailed to all Class Members on October 22, 2018, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.

4. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who

did not file a timely and proper request to be excluded from the Settlement are bound by this Order of Final Approval and the Judgment.

5. The Court hereby finds that the Settlement, including the Settlement Amount, is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and is the product of good faith, arms-length negotiations between the Parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation.

6. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendants, after thorough factual and legal investigation. In granting final approval of the Settlement, the Court has considered the nature of the claims, the amounts paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability after appeal. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

7. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, one Class Member has objected to the Settlement, and none have opted out. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003).

8. The Court further finds that the Objection of Kim L. Kevan fails to present any legal or factual argument that the Agreement is not fair, reasonable and adequate. Accordingly, the objection is overruled.

9. The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Fed. R. Civ. P. 23, for the reasons stated in the Motion for Final Approval.

10. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

11. The Court approves the Plan of Allocation as set forth in the Settlement Agreement.

12. The Court approves the settlement of the Released Claims as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against Defendants. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of the Order of Final Approval and Judgment who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against Defendants.

13. Class Counsel, Hadsell Stormer & Renick, LLP and Gilbert & Sackman, shall continue to serve as Class Counsel and shall oversee and perform the duties necessary to effectuate the settlement, including the submission to the Court of the Claims Administrator's final distribution report, as well as all papers necessary to allow this court to evaluate the claims process and order distribution of the settlement fund to class members.

14. Plaintiffs' Counsel is awarded attorney's fees in the amount of $1,937,500. The forgoing award is 25% of the settlement fund of $7,750,000. Plaintiff's Counsel is further awarded reimbursement of reasonable costs and expenses necessarily incurred in order to advance the litigation for the benefit the class in this matter in the amount of $19,971.25. These awards shall be paid from the Settlement Fund.

15. In determining an award of attorney's fees where the class action settlement establishes a common fund for the benefit of the class out of which the attorney's fee is awarded, courts have adopted the percentage of fee calculation. *Laffitte v. Robert Half Internat.*, Inc., 1 Cal. 5th 480, 493-94 (2016). The Court finds that a fee award at the Ninth Circuit 25% of the fund benchmark is reasonable in light of the factors to be considered, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *See Barbosa v. Cargill Meat*

*Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013)(*citing Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

16. In addition, the Court finds the fee award reasonable under the lodestar cross-check method. *Laffitte*, 1 Cal. 5th at. at 506; *Vizcaino*, 290 F.3d at 1043. In so finding, the Court has considered a variety of factors, including "the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (2000); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

17. The Class Representatives are each awarded an incentive, as follows: (1) Christopher Palacio is awarded $7500; (2) David Berlanga is awarded $6000; and (3) Brandon Ehresman, Charles Gaeth, Michael Gonzalez, and John Langlitz are each awarded $5000. These payments shall be made from the Settlement Fund and are in addition to the Class Representatives' respective shares as Class Members.

18. Plaintiffs shall also set aside $35,587.82 from the Settlement Fund to be paid to the court-appointed Claims Administrator, CAC Services Group, LLC.

19. The Court allocates fifty thousand ($50,000) of the Settlement Fund to penalties under the Private Attorneys General Act ("PAGA"), with seventy-five percent (75%) of the PAGA penalties thirty-seven thousand five hundred ($37,500) to be paid to the California Labor and Workforce Development Agency ("LWDA") and twenty-five percent (25%) of the PAGA penalties twelve thousand five hundred ($12,500) being paid to Settlement Class Members who do not opt out.

20. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement.

//
//
//
//
//

21. Without affecting the finality of the Order of Final Approval or the Judgment, the Court retains exclusive and continuing jurisdiction over the Action, Plaintiffs, all Class Members and Defendants for purposes of supervising, implementing, interpreting and enforcing the Order of Final Approval and Judgment and the Settlement. Nothing in the Order of Final Approval or Judgment precludes any action to enforce the Parties' obligations under the Settlement or under this Order of Final Approval.

**IT IS SO ORDERED.**

DATED: January 22, 2019

HONORABLE MAXINE M. CHESNEY
United States District Judge